# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
October 15, 2010 Session

## STATE OF TENNESSEE EX REL. MICHAEL OVERTON v. KIMBERLY ROBB

**Appeal from the Juvenile Court for Dickson County**
**No. 41-86392      A. Andrew Jackson, Judge**

---

**No. M2010-00319-COA-R3-JV - Filed October 25, 2010**

---

The defendant was found in civil contempt for failure to pay child support and sentenced to serve 180 days in jail unless she purged her contempt with the payment of $2,200. Finding the evidence inadequate to support a finding that the defendant had the ability to pay child support when it was due or that she had the ability to pay $2,200 at the time of the hearing in order to purge the sentence, we reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Reversed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

James L. Baum, Burns, Tennessee, for the appellant, Kimberly Robb.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; and Warren Jasper, Senior Counsel, for the appellee, State of Tennessee.

## MEMORANDUM OPINION[1]

---

[1]Tenn. R. Ct.App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On November 25, 2008, the State of Tennessee filed a petition for contempt against Kimberly Robb, the mother of two minor children, for failure to pay child support. Ms. Robb was obligated under a May 2003 order to pay $286 per month in support of her two children, who were in the custody of their father, Michael Overton. The State sought both civil and criminal contempt.

The first hearing on the petition was held on December 4, 2009. At the time, Ms. Robb was incarcerated in the Dickson County jail on a probation violation. She was transported from the jail to attend the December 4 hearing. Ms. Robb was not represented by counsel at the hearing for contempt; that fact notwithstanding, the hearing proceeded. At the conclusion of the hearing, the juvenile court entered an order finding Ms. Robb in civil contempt and sentencing her to 5 months and 29 days in jail to be served consecutively with her probation violation, which could be purged by payment of $2,000. The trial court also granted a judgment of $17,806 for child support arrearages.

On December 20, 2009, the juvenile court determined that Ms. Robb was indigent and counsel was appointed to represent her. The following day, on December 21, 2009, a second hearing occurred; however, no evidence was introduced at this hearing. The attorneys were merely allowed to make oral arguments; moreover, Ms. Robb's attorney had no way of knowing what transpired at the first hearing as there was no transcript of the evidence or statement of the evidence from the first evidentiary hearing. Further, the juvenile court relied on its recollection of the evidence presented at the first hearing.

On December 29, 2009, the juvenile court issued an order finding Ms. Robb in civil contempt for willful failure to pay child support and sentencing her to 180 days in jail, which could be purged by payment of $2,200.[2] The court again awarded $17,806 for child support arrearages. Ms. Robb filed a timely appeal.

Ms. Robb presents the following issues on appeal: (1) Whether sufficient evidence was presented to support a finding of civil contempt; (2) Whether the trial court erred by failing to affirmatively determine if Ms. Robb had the present ability to comply with the court's order or providing her an opportunity to present evidence of her inability to comply; and (3) Whether the sentence imposed by the trial court was excessive.

## ANALYSIS

A trial court is authorized pursuant to Tenn. Code Ann. § 29-9-102(3) to find a person who willfully disobeys a court order in contempt of court. To find a party in contempt for

___

[2]In the same order the court struck the previous order of contempt.

failure to pay child support, "the court must first determine that [the party] had the ability to pay at the time the support was due and then determine that the failure to pay was willful." *Ahern v. Ahern*, 15 S.W.3d 73, 79 (Tenn. 2000). If the court finds a party in contempt, the court has "several remedies available depending upon the facts of the case." *Id*.

> A court can imprison an individual to compel performance of a court order. This is typically referred to as "civil contempt." **This remedy is available only when the individual has the ability to comply with the order at the time of the contempt hearing**. **Thus, with civil contempt, the one in contempt has the "keys to the jail" and can purge the contempt by complying with the court's order. In civil contempt, the imprisonment is meted out for the benefit of a party litigant.**

*Ahern*, 15 S.W.3d at 79 (citations omitted) (emphasis added).

There is no evidence in this record to support a finding that Ms. Robb had the ability to pay child support when the support payments at issue were due. Moreover, there is evidence in the record to support a finding that she did not have the ability to pay $2,200 to purge her sentence for civil contempt. This is evident both from the fact that she was in jail, where she had been for seven months, and that she was seeking social security disability benefits based on the contention that she could not work, and there is no evidence in the record to the contrary.

For these reasons, *inter alia*, the judgment of the trial court is reversed.

## IN CONCLUSION

The judgment of the trial court is reversed, and this matter is remanded with costs of appeal assessed against the appellee, the State of Tennessee.

_____
FRANK G. CLEMENT, JR., JUDGE